**WALGREEN CO., an Illinois corporation, Plaintiff-Appellant,**

v.

**Alan N. CHARNES, Manager of Revenue for the City and County of Denver, State of Colorado, and City and County of Denver, a municipal corporation, Defendants-Appellees.**

No. 94CA0402.

Colorado Court of Appeals, Div. IV.

July 13, 1995.

As Modified on Denial of Rehearing Sept. 7, 1995.

Certiorari Denied March 11, 1996.

Eiberger, Stacy, Smith & Martin, Rodney L. Smith, Paul F. Hodapp, Denver, for plaintiff-appellant.

Daniel Muse, City Atty., Robert F. Strenski, Asst. City Atty., Denver, for defendants-appellees.

Opinion by Judge MARQUEZ.

■ Plaintiff, Walgreen Co., an Illinois corporation, appeals from the district court judgment determining that the use tax assessed by defendants, the City and County of Denver, and its Manager of Revenue, Alan N. Charnes, on plaintiff's advertising inserts was not constitutionally infirm as being a denial of equal protection. We affirm.

Plaintiff, a national drug retailer operating stores in Colorado, purchases advertising inserts and supplements which are preprinted primarily by out-of-state publishers and shipped to two major newspaper companies in Colorado for distribution as a part of those newspapers approximately twice a week.

On December 12, 1988, the Denver Manager of Revenue issued plaintiff a notice and demand for payment of use taxes for the period beginning July 1, 1985, and ending June 30, 1988. Upon plaintiff's petition for cancellation of the assessment, a hearing officer conducted an evidentiary hearing and subsequently entered a final decision and order assessing taxes, penalties, and interest.

Plaintiff appealed to the district court, seeking *de novo* review pursuant to § 29-2-106.1, C.R.S. (1986 Repl.Vol. 12A), which the district court granted. Defendants challenged the district court ruling that the statutory procedure for review was applicable, but the supreme court affirmed that ruling. *Walgreen Co. v. Charnes*, 819 P.2d 1039 (Colo.1991) (*Walgreen I* ).

The district court then conducted a trial on the assessment and found for defendants. On appeal of that result, a division of this court affirmed the district court's decision, but remanded the case for findings of fact and conclusions of law on plaintiff's equal protection claim. *Walgreen Co. v. Charnes*, 859 P.2d 235 (Colo.App.1992) (*Walgreen II* ).

On remand, the district court, after allowing the parties to submit additional briefs, issued an order concluding that defendants' use tax assessment did not deny plaintiff equal protection of the law. Plaintiff now appeals this order.

Plaintiff contends that taxation of its advertising inserts violates its equal protection rights under the United States and Colorado constitutions. We disagree.

■ The equal protection guarantees of the Fourteenth Amendment and Colo. Const. art II, § 25, assure like treatment of all who are similarly situated. The threshold ques-

tion in any equal protection challenge, therefore, is whether the legislation results in dissimilar treatment of similarly situated individuals. *Duran v. Industrial Claim Appeals Office*, 883 P.2d 477 (Colo.1994). If persons alleging disparate treatment are not similarly situated, the equal protection challenge to a statute must fail. *State v. The Mill*, 887 P.2d 993 (Colo.1994).

Denver Revised Municipal Code (Code) § 53–96 imposes a use tax on:

> Every person exercising the taxable privilege of storing, using, distributing or consuming in the city ... any article of tangible personal property, purchased at retail.

According to the opinion in *Walgreen II, supra*, plaintiff acquires the advertising inserts by way of a retail transaction and, for purposes of the Code provisions, stores and uses them prior to their insertion in the newspapers.

Inasmuch as the use tax prevents consumers of retail products from purchasing out of state in order to avoid paying a Colorado sales tax, it was designed to form a comprehensive tax system with the sales tax. *Walgreen I, supra.*

According to the testimony of the promotion manager for one of the major Colorado newspapers, newspaper advertising includes "run of the press" (ROP) ads, which appear in regular and preprinted sections of the newspaper, classified ads, and advertising supplements like those used by plaintiff. Under the Code, only advertising supplements are subject to the imposition of the use tax. This distinction is made apparent by *Denver Department of Revenue Rules Regarding the Assessment and Collection of Sales and Use Taxes* § 4, which states:

> The distribution of newspapers, trade journals, advertising pamphlets, circulars, leaflets, and similar items, which are distributed free of charge by any means, such as car-to-car or house-to-house delivery, or by being included in and distributed as part of a newspaper, are exempt from the Sales and Use Taxes. However, a tax must be paid by the advertiser or distributor, or whoever pays for the preparation and printing of the publication, because the advertiser, distributor, etc., is presumed to be the user and consumer of the publication after the retail sale thereof.... If the printer is not licensed by the City, the purchaser must pay the tax to, and file a consumer's use tax return with, the City directly.

In support of its contention on appeal, plaintiff argues that defendants' tax scheme is arbitrary and capricious because substantially similar advertising and supplements are treated differently without any rational justification. The district court, however, found, with record support, that the class to which plaintiff belongs is composed of purchasers of preprinted ad inserts in retail sales, that all members of this class are treated equally, and that the purchasers of ROP and classified ads are not part of plaintiff's class because they are not similarly situated.

The district court, upon considering the different methods of advertisement mentioned by plaintiff, found that the imposition of the tax depends on whether tangible personal property is being purchased in a retail sale; therefore, if the newspaper sells advertising space to the advertiser, no tangible personal property is sold and the sale is not taxable, but if the newspaper, acting as a printer for the advertiser, sells inserts to the advertiser, tangible personal property is sold to the advertiser and the sale is taxable.

Thus, there are at least two different classes of advertisers—those who merely purchase space in the newspaper for their ads and those who purchase inserts or supplements from other printers. As noted above, plaintiff purchases its advertising supplements in a retail sale and has been determined to store and use them under the definitions of the Code, until the time they are inserted in the newspapers. *See Walgreen II, supra.* And, as the trial court found, Walgreen purchases the ad inserts for its own use; they are not purchased for resale by Walgreen.

Under these circumstances, we conclude that the district court correctly determined that plaintiff is not similarly situated to advertisers who do not purchase tangible personal property or to purchasers of tangible

personal property for resale. Thus, plaintiff's equal protection challenge must fail. *See State v. The Mill, supra.*

The judgment of the district court is affirmed.

DAVIDSON and KAPELKE, JJ., concur.